Case 4:24-cv-00791   Document 14   Filed on 10/10/24 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 11, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAYLA BRUNO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-791 |
| | § | |
| MARTIN O'MALLEY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Plaintiff Kayla Bruno ("Plaintiff") filed this lawsuit against Defendant Martin O'Malley ("Commissioner") seeking review of the denial of benefits under Title XVI of the Social Security Act. (ECF No. 1). Pending before the Court[1] are the parties' cross-motions for summary judgment. (ECF Nos. 9, 11). Based on a review of the motions, arguments, and relevant law, the Court **DENIES** Plaintiff's Motion for Summary Judgment (ECF No. 9), **GRANTS** Commissioner's Motion for Summary Judgment (ECF No. 11), and **DISMISSES** the action with prejudice.

---

[1] The parties consented to proceed before a Magistrate Judge for all proceedings under 28 U.S.C. § 636(c). (ECF No. 8).

I. **Background**

Plaintiff filed an application for supplemental security income on May 14, 2021, alleging disability starting on June 26, 2018. (ECF No. 3-1 at 14).[2] Plaintiff sought benefits for "Major Depressive Disorder, Recurrent, Moderate, Post Traumatic Stress Disorder." (*Id.* at 105). Plaintiff's claims were initially denied by the Social Security Administration on January 25, 2022, and again on reconsideration on December 22, 2022. (*Id.* at 14). Plaintiff requested a hearing before an Administrative Law Judge. (*See id.* at 156). On July 26, 2023, a hearing was held before Administrative Law Judge Kimani Eason. (*Id.* at 27). Jack Arouca, a vocational expert ("VE"), testified. (*Id.*).

On August 7, 2023, the ALJ issued a decision, finding Plaintiff not disabled at Step Five of the evaluation process.[3] (*Id.* at 14–23). At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 14, 2021. (*Id.* at 16). At Step Two, the ALJ found Plaintiff has the following severe impairments: "schizoaffective disorder, bipolar disorder with

---

[2] The Administrative Record in this case can be found at ECF No. 3.

[3] In considering a disability claim, an ALJ must conduct a five-step evaluation that examines: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002) (citing 20 C.F.R. § 404.1520).

psychosis, major depressive disorder, generalized anxiety disorder, and post that [sic] traumatic stress disorder." (*Id.*). At Step Three, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." (*Id.* at 17). The ALJ determined Plaintiff has the Residual Functional Capacity ("RFC") to:

> perform a full range of work at all exertional levels, but with the following non-exertional limitations: The claimant is unable to work at unprotected heights or around moving mechanical parts. The claimant is unable to operate heavy equipment or drive a motor vehicle for commercial purposes. The claimant must avoid all exposure to open flames or open bodies of water. Nevertheless, the claimant is able to understand, remember, and carry out both simple and detailed instructions in a work environment that does not require a specific production rate, such as assembly line work, or hourly quotas. The claimant is able to make simple work related decisions and adapt to and manage occasional changes in the workplace. The claimant can have no more than occasional interaction with supervisors, coworkers, and the public.

(*Id.* at 18). At Step Four, the ALJ found Plaintiff has no past relevant work. (*Id.* at 21). At Step Five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff could perform—such as hospital cleaner, hospital dietary aid, photocopy machine operator, mail clerk, document preparer, addresser, and sorter—and therefore Plaintiff was not disabled as defined under the Social Security Act. (*Id.* at 22).

3

Plaintiff appealed to the Appeals Council and the Appeals Council denied Plaintiff's request for review on December 22, 2023. (*Id.* at 4). Thus, the ALJ's decision represents the Commissioner's final decision in the case. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

## II.     Legal Standard

The Court's review of a final decision of the Commissioner on a Social Security disability claim is exceedingly deferential. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "[R]eview of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). When the Commissioner's decision is reached by applying improper legal standards, the decision is not supported by substantial evidence. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). "'Any findings of fact by the Commissioner

which are supported by substantial evidence are conclusive.'" *Heck v. Colvin*, 674 F. App'x 411, 413 (5th Cir. 2017) (quoting *Taylor*, 706 F.3d at 602).

Even so, judicial review must not be "so obsequious as to be meaningless." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quotations omitted). The substantial evidence standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 822–23; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. The court "'may not reweigh the evidence . . . , nor try the issues *de novo*, nor substitute [its] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.'" *Johnson v. Colvin*, 595 F. App'x 443, 444 (5th Cir. 2015) (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)).

### III. Discussion

Plaintiff raises one issue on appeal: the ALJ failed to consider all of the evidence. (ECF No. 9 at 1). Conversely, Commissioner argues the ALJ properly considered the record evidence, and the record supports the ALJ's RFC finding. (ECF No. 10 at 4). The Court agrees with Commissioner.

As an initial matter, "the ALJ is not always required to do an exhaustive point-by-point discussion" of each piece of evidence at every step. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007); *see Charland v. Astrue*, No. 08-cv-1072, 2010 WL 624047, at *3 (N.D. Tex. Feb. 22, 2010) ("The ALJ is not statutorily or judicially obligated to explicitly list all the evidence he or she takes into account[.]"). Further, "[t]he fact that the ALJ cited certain evidence that he felt supported his decision does not mean that he failed to consider all of the other evidence in the record." *See Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010); *see also Todd C. v. Saul*, No. 4:19-cv-1811, 2021 WL 2651166, at *12 (S.D. Tex. June 28, 2021) ("An ALJ's failure to mention a particular piece of evidence does not necessarily mean that he failed to consider it.").

Here, ALJ determined Plaintiff has the RFC to:

> perform a full range of work at all exertional levels, but with the following non-exertional limitations: The claimant is unable to work at unprotected heights or around moving mechanical parts. The claimant is unable to operate heavy equipment or drive a motor vehicle for commercial purposes. The claimant must avoid all exposure to open flames or open bodies of water. Nevertheless, the claimant is able to understand, remember, and carry out both simple and detailed instructions in a work environment that does not require a specific production rate, such as assembly line work, or hourly quotas. The claimant is able to make simple work related decisions and adapt to and manage occasional changes in the workplace. The claimant can have no more than occasional interaction with supervisors, coworkers, and the public.

(ECF No. 3-1 at 18). In coming to that conclusion, the ALJ discussed: (1) Plaintiff's testimony regarding her schooling, her previous jobs, her medications, and her ability to do household chores; (2) Plaintiff's mother's testimony; (3) medical records from April 2020, May 2020, January 2021, May 2021, June 2021, February 2022, and May 2022; and (4) medical opinions and prior administrative medical findings. (*Id.* at 18–21). Thus, to the extent Plaintiff generally asserts the ALJ failed to consider "all of the evidence," the Court disagrees. (*See* ECF No. 9 at 5).

In her Motion for Summary Judgment, after approximately nine pages of restating a selection of Plaintiff's medical records, Plaintiff also asserts the ALJ erred by failing to discuss Plaintiff's post-traumatic stress disorder ("PTSD"). (ECF No. 9 at 14). Commissioner argues the ALJ found Plaintiff's PTSD impairment to be severe at Step Two and accounted for this impairment in the RFC. (ECF No. 10 at 4–5). Commissioner also argues Plaintiff does not show what additional restrictions the record supported for Plaintiff's PTSD beyond those already included in the RFC. (*Id.* at 5). The Court agrees with Commissioner.

Here, the ALJ addressed Plaintiff's PTSD by finding it a severe impairment at Step Two (ECF No. 3-1 at 16) and acknowledged and considered the supporting medical records (*id.* at 17, 19–20). Thus, while Plaintiff argues

7

"[t]here is simply **no** discussion of [Plaintiff]'s PTSD," the Court finds Plaintiff's argument without merit. (ECF No. 9 at 14 (emphasis in original)). The Court cannot "reweigh the evidence, try the issues *de novo,* or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Further, "[t]he ALJ has the discretion to weigh conflicting evidence and determine the credibility of the witness testimony and expert opinions." *Janice H. v. Martin O'Malley, Comm'r of The Soc. Sec. Admin.*, No. 4:23-cv-3170, 2024 WL 3497937, at *5 (S.D. Tex. July 22, 2024). Having reviewed the ALJ's findings and the relevant record, the Court finds that substantial evidence supports the ALJ's decision.

## IV. Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Summary Judgment (ECF No. 9), **GRANTS** Commissioner's Motion for Summary Judgment (ECF No. 11), and **DISMISSES** the action with prejudice.

**SIGNED** in Houston, Texas on October 10, 2024.

_____
Richard W. Bennett
United States Magistrate Judge